**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 03 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>PEDRO PARRA SANCHEZ,<br><br>Defendant-Appellant. | No.  15-50097<br><br>D.C. No. 3:13-cr-04033-AJB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted October 25, 2016[**]

Before:    LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Pedro Parra Sanchez appeals from the district court's judgment and challenges the 46-month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Parra Sanchez contends that the district court erred in denying a minor role reduction to his base offense level under U.S.S.G. § 3B1.2(b).  After Parra Sanchez was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guidelines.  The Amendment is retroactive to cases pending on direct appeal.  *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

The Amendment clarified that, in assessing whether a defendant should receive a minor role adjustment, the court should compare him to other participants in the crime, rather than a hypothetical average participant.  *See* U.S.S.G. App. C. Amend. 794; *Quintero-Leyva*, 823 F.3d at 523.  Additionally, the Amendment added a non-exhaustive list of factors that a court "should consider" in determining whether to apply a minor role reduction.  *See* U.S.S.G. § 3B1.2 cmt. n.3(C) (2015).  Because we cannot definitively determine from the record whether the district court followed the guidance of the Amendment's clarifying language and considered all of the now-relevant factors, we vacate Parra Sanchez's sentence and remand for resentencing.  *See Quintero-Leyva*, 823 F.3d at 523-24.

On remand, we instruct the district court to correct the judgment to reflect a conviction for importation of methamphetamine, rather than importation of cocaine and methamphetamine.

**VACATED and REMANDED for resentencing.**